# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NAUTILUS INSURANCE COMPANY,

             Plaintiff,

                                          CASE NO. 04-71176

v.                                      HON. LAWRENCE P. ZATKOFF

I.L.S. GENERAL CONTRACTORS, INC., a
Michigan Corporation, AUTO CLUB GROUP
INSURANCE COMPANY, a Michigan Corporation,
TERRANCE D. THOMSON, NANCY THOMSON,
and INSURANCE LOSS SPECIALISTS GENERAL
CONTRACTORS, INC., a Michigan Corporation,
Jointly and Severally,

             Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment.  Plaintiff

Nautilus Insurance Company (hereinafter "Nautilus") filed the motion against Defendants I.L.S.

General Contractors, Inc. (hereinafter "I.L.S.") and Insurance Loss Specialists General Contractors,

Inc. (hereinafter "Insurance Loss Specialists").  Defendants Auto Club Group Insurance Company

(hereinafter "Auto Club"), Terrance D. Thomson, and Nancy Thomson responded and opposed the

motion.  This Court held a hearing on the motion on March 31, 2005.  For the reasons set forth

below, Nautilus's motion for default judgment will be DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

The Complaint in this matter alleges that Plaintiff Nautilus, an Arizona insurance company, issued a policy of insurance (hereinafter "Policy") to non-party Doug Minard, d/b/a/ Tri-Star Roofing, with an endorsement naming Defendant I.L.S., a Michigan contractor, as an additional insured.  It is undisputed that currently pending in the Wayne County Circuit Court is an action against Defendant I.L.S., Defendant Insurance Loss Specialists, and Doug Minard d/b/a/ Tri-Star Roofing, by Defendant Auto Club as subrogee of Defendants Terrance Thomson and Nancy Thomson (hereinafter "Wayne County Action").  Nautilus alleges that in the Wayne County Action, Defendant Auto Club claims that Defendant I.L.S. failed to properly repair the ceiling of the Defendant Thomson's home, causing $571,825.44 worth of damage, including "extensive exposure of friable asbestos containing materials." Am. Compl. at ¶ 6. Nautilus alleges that Defendant I.L.S. requested indemnification under the policy before Defendant Auto Club initiated the Wayne County Action.  Nautilus denied the request, however, and informed Defendant I.L.S. that "it was reserving its right to deny a defense and indemnification pursuant to the provisions of the insurance contract." Am. Compl. at ¶ 9.

Nautilus filed a Complaint on March 30, 2004, and a First Amended Complaint on July 13, 2004, requesting a declaratory judgment against Defendant I.L.S. and Defendant Insurance Loss Specialists.  The remaining Defendants, according to Nautilus, "are included for *res judicata* purposes." Am. Compl. at ¶ 11.  Nautilus maintains that under the facts alleged in the Wayne County Action, it has no duty to indemnify or defend Defendant I.L.S. under ten different limitations and exclusions in the Policy.  Pursuant to those limitations and exclusions, Nautilus requests that

the Court:

> A. Declare that the insurance policy referred to above, issued by Nautilus Insurance Company, does not provide coverage for the underlying lawsuit;
>
> B. Declare that the above referenced exclusions in the policy preclude indemnity for the underlying lawsuit;
>
> C. Declare that Nautilus Insurance Company had no duty to defend;;
>
> D. Find that Plaintiff, Nautilus Insurance Company, is entitled to a declaratory judgment; and
>
> E. Order a speedy hearing pursuant to FRCP 57, and advance this case on the calendar.

Am. Compl. at ¶ 14.

On February 11, 2005, Nautilus filed a motion for default judgment against Defendant I.L.S. and Defendant Insurance Loss Specialists, neither of which have answered the Complaint or First Amended Complaint.  With its motion for default judgment, Nautilus requests that the Court "declare that the insurance policy referenced in the Complaint . . . does not provide coverage for the underlying lawsuit referenced in the Complaint, and precludes indemnity and the duty to defend." Motion for Default Judgment, at ¶ 10.  The remaining Defendants, however, object to the request. The remaining Defendants maintain that "a significant part of the damages claimed in the underlying lawsuit against Defendant I.L.S. occurred through negligence of Defendant I.L.S. in failing to properly supervise and control [the Defendant Thomsons'] roofing project and to complete it without damages to the Thomson property in a timely manner."  Defendant Auto Club and Defendants Nancy and Terrance Thomson's Response, at 2.  Thus, the remaining Defendants argue that Nautilus is liable to indemnify Defendant I.L.S.  These Defendants also argue that allowing Nautilus to obtain

3

a default judgment declaring that the Policy does not cover the underlying lawsuit would be "inequitable" and would result in "piecemeal" litigation because other parties, such as Douglas Minard d/b/a Tri Star Roofing, are named in the Wayne County Action and are insured under the Policy, but are not named in the present case.  Thus, any declaratory ruling with respect to Defendant I.L.S. and Defendant Insurance Loss Specialists would not bind the unnamed parties.

Since Defendant Auto Club and Defendants Nancy and Terrance Thomson's only objection to Nautilus's motion is that granting a default will result in piecemeal litigation, adding the remaining defendants from the Wayne County Action would seem to satisfy their concerns.  At oral argument Nautilus's counsel agreed that the other defendants in the Wayne County Action should be added to this litigation.  Counsel agreed to file an amended complaint within 30 days, and the Court adjourned the Scheduling Conference in this matter for 60 days.  More than 30 days have elapsed since the oral argument, however, and an amended complaint has not yet been filed.  Nevertheless, after reviewing the parties' submissions, the Court concludes that even if an amended complaint is filed, Nautilus's motion should not be granted.

### III. DISCUSSION

The question presented is whether this Court should grant Nautilus's motion for default judgment and declare that the Policy does not provide coverage for the Wayne County Action, despite the possibility that at the conclusion of these proceedings Defendant Auto Club and Defendants Nancy and Terrance Thomson will have shown that the Policy does cover the Wayne County Action.  Although neither party has directly addressed this issue, the Court finds that the potential for inconsistent judgments requires denying Nautilus's motion for default judgment.

The Supreme Court addressed default judgments in the context of multi-defendant lawsuits

in *Frow v. De La Vega*, 82 U.S. 552 (1872). In *Frow*, the complaint alleged a conspiracy by Frow and twelve others to defraud the plaintiff of title to a tract of land. Frow did not appear and the court granted default judgment against him. The other defendants, however, successfully defended the lawsuit. Frow then petitioned the court to vacate the default judgment entered against him on the basis that it was inconsistent with the judgment on the merits against the other defendants. The trial court declined to vacate the judgment.

On appeal the Supreme Court described the inconsistent result as "unseemly and absurd, as well as unauthorized by law." *Frow*, 82 U.S. at 554. The Court stated that:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.* Thus, "[a]s a general rule then, where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (3d ed. 1998). Although the *Frow* Court discussed joint liability, and several other courts have declined to apply *Frow* where liability is joint and several, *see e.g., In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980), the *Frow* rule will apply "in situations in which several defendants have closely related defenses."

WRIGHT ET AL., *supra*, at § 2690.

In the present declaratory judgment action, Defendant Auto Club and the Defendant Thomsons have the same defenses as Defendants I.L.S. and Insurance Loss Specialists.  All of the Defendants will argue that the Wayne County Action is covered under the terms of the Policy based on the facts presented to the Wayne County Circuit Court.  Thus, a judgment against Defendants I.L.S. and Insurance Loss Specialists at this stage of the proceedings declaring that the Wayne County Action is not covered would be inconsistent with any subsequent judgment in favor of Defendant Auto Club and the Defendant Thomsons.  *See State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958 (S.D. Ind. 1990) (relying on *Frow* to vacate an earlier default judgment entered against a non-answering insured in a declaratory judgment action filed by the insurer against the insured and the party alleged to have been injured by the insured in an underlying state court action).  Accordingly, although the entry of default against Defendant I.L.S. will stand, Nautilus's motion for default judgment will be denied without prejudice pending the outcome of this case against the remaining Defendants.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Nautilus's Motion for Default Judgment [dkt. # 20] is hereby DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2005

6

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 23, 2005.

s/Marie E. Verlinde

Case Manager
(810) 984-3290